Respondent. [924 NYS2d 914]—Motion for reargument or leave to appeal to the Court of Appeals denied. Present—Centra, J.P., Fahey, Lindley, Green and Martoche, JJ.

■ GENERAL STAR NATIONAL INSURANCE COMPANY, Appellant, v NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC., Respondent. [925 NYS2d 364]—Motion for reargument, leave to appeal to the Court of Appeals, and other relief denied. Present—Scudder, P.J., Fahey, Carni, Green and Gorski, JJ.

■ In the Matter of COUNTY OF ERIE, Respondent, v CIVIL SERVICE EMPLOYEES ASSOCIATION, LOCAL 815, Appellant. [925 NYS2d 364]—Motion for reargument or leave to appeal to the Court of Appeals denied. Present—Smith, J.P., Peradotto, Lindley, Sconiers and Martoche, JJ.

■ CLEAR SKIES OVER ORANGEVILLE, Appellant, v TOWN BOARD OF TOWN OF ORANGEVILLE et al., Respondents, and STONEY CREEK ENERGY LLC, Intervenor-Respondent. [925 NYS2d 364]—Motion for reargument or leave to appeal to the Court of Appeals denied. Present—Scudder, P.J., Centra, Carni, Sconiers and Green, JJ.

■ FRANK McGUIRE et al., Plaintiffs, and McGUIRE CHILDREN, LLC, Respondent, v WILLIAM L. HUNTRESS et al., Appellants. (Appeal No. 1.) [924 NYS2d 914]—Motion for leave to appeal to the Court of Appeals denied. Present—Smith, J.P., Carni, Lindley and Gorski, JJ.

■ FRANK McGUIRE et al., Plaintiffs, and McGUIRE CHILDREN, LLC, Respondent, v WILLIAM L. HUNTRESS et al., Appellants. (Appeal No. 2.) [924 NYS2d 914]—Motion for leave to appeal to the Court of Appeals denied. Present—Smith, J.P., Carni, Lindley and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL R. CURRIER, Appellant. [924 NYS2d 872]—Motion for reargument and/or reconsideration granted and, upon reargument, the memorandum and order entered April 1, 2011 (83 AD3d 1421 [2011]) is amended by deleting the ordering paragraph and substituting the following ordering paragraph "that the judgment so appealed from is unanimously modified on the law and as a matter of discretion in the interest of justice by reversing those parts convicting defendant of criminal trespass in the second degree and dismissing those counts of the indictment, and by reducing the sentences imposed for burglary in the second degree, attempted gang assault in the second degree and assault in the second degree to determinate terms of incarcera-